JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10117-VAP-PDx | Date | September 28, 2021 |
|---|---|---|---|
| Title | *M.P. et al., v. County of Los Angeles et al.* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiffs:          Attorney(s) Present for Defendants:

None Present                                None Present

**Proceedings:   MINUTE ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT (IN CHAMBERS)**

On September 20, 2021, the Court issued an Order to Show Cause for Federal Question Jurisdiction ("OSC") to Defendants County of Los Angeles, Jennifer Magallanes, Elizabeth Ramos, Luis Cardenas, Ninos Latinos Unidos, Inc., Marcela Baeza, and Fernando Baeza. (Dkt. 26). The Court noted that federal question jurisdiction no longer appeared to exist in this case because Plaintiffs brought a Second Amended Complaint omitting their only federal claim, Violation of Federal Civil Rights (42 U.S.C. § 1983).

On September 27, 2021, Defendant Ninos Latinos Unidos filed a Response to the OSC acknowledging that federal question jurisdiction no longer applies and submitting to remand. (Dkt. 28).

On the same day, Defendants County of Los Angeles, Luis Cardenas, Elizabeth Ramos, and Jennifer Magallanes ("Defendants") filed a Response arguing that: 1) this Court still retains subject matter jurisdiction under 28 U.S.C. § 1367(a), even in the absence of a federal claim; and 2) Plaintiffs waived their

right to seek remand by filing First and Second Amended Complaints in this Court.  ("Response," Dkt. 27).

## I. DISCUSSION

### A. Supplemental Jurisdiction Under 28 U.S.C. § 1367(a)

Defendants first argue the Court has discretion to exercise supplemental jurisdiction over this case, even in the absence of a federal law claim.  Because the initial removal to this Court was proper, Defendants contend that a basis for jurisdiction still exists.  See Response, at 3 (arguing that "the fact that none of the federal question claims remain does not create a jurisdictional defect").

The Supreme Court has held that "[a] district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009).  Therefore, "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Carlsbad Tech., Inc.*, 556 U.S. at 640, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

Nonetheless, the Ninth Circuit has explained that "[i]n the usual case in which federal law claims are eliminated before trial the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Morris v. SPSSM Inv. 8, LP*, No. CV-14-01305-MMM (MANx), 2014 WL 12573964, at *5 (C.D. Cal. Oct. 14, 2014), citing *Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (citations omitted).

While the Court could, in its discretion, exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, it declines to do so here.  There are no considerations that weigh in favor of supplemental jurisdiction.  This case is in a relatively early stage, has not been litigated on the merits, and concerns exclusively issues of California law that would be much more appropriate for a state court to decide.  See *Morris,* 2014 WL 12573964, at *5 ("Judicial economy does not weigh in favor of retaining jurisdiction here; the action is in its early stages, and the court has not yet passed on the merits of Morris' state law claims.")

The Court DECLINES to exercise supplemental jurisdiction over Plaintiffs' remaining claims.

### B.     Plaintiffs' Waiver of Right to Seek Remand

Defendants next argue that Plaintiffs waived their right to seek remand by engaging in "affirmative actions" in this Court, which include filing First and Second Amended Complaints and seeking stays of the proceedings on three occasions.  (Response, at 6).

Plaintiffs did not seek remand; rather, the Court *sua sponte* issued the OSC regarding jurisdiction.  The Court has autonomous authority to address issues related to subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).  *See* Fed. R. Civ. P. 12 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As the Court moved on its own to remand the case, the question of whether Plaintiffs waived their right to seek remand is moot.

## II.     CONCLUSION

For the foregoing reasons, the Court **DECLINES** to exercise supplemental jurisdiction over the state law claims remaining in this case.  The Court **REMANDS** the case to the Los Angeles Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**